

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2004

# Fernandez-Vergara v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Fernandez-Vergara v. Atty Gen USA" (2004). *2004 Decisions.* Paper 617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4399

_____

SANTIAGO FERNANDEZ-VERGARA,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board No. A70-683-693)

_____

Submitted Under Third Circuit LAR 34.1(a)
May 28, 2004

Before:  SCIRICA, Chief Judge, FISHER and ALARCÓN,[*] Circuit Judges.

(Filed: June 4, 2004)

_____

OPINION OF THE COURT

_____

FISHER, Circuit Judge.

---

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Petitioner Santiago Fernandez-Vergara, a citizen of Peru, seeks review of the order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's denial of his applications for asylum under 8 U.S.C. § 1158(a) and for withholding of deportation under 8 U.S.C. § 1231(b)(3).

Petitioner argues that his eligibility should be measured by conditions as they existed in Peru when he filed his asylum application in 1993 and not in 2001 when his hearing took place. Petitioner cites no authority for this proposition and we are aware of none. The immigration judge's conclusions that conditions in Peru had changed for the better and that the applications should be denied were supported by substantial evidence. Petitioner's related argument – that delay in providing a hearing should estop the government – is similarly misplaced. That the government erroneously sent several letters to Petitioner's old address is not affirmative misconduct and does not estop enforcement of the immigration laws. INS v. Miranda, 459 U.S. 14, 18 (1982).

Petitioner also attacks the BIA's summary affirmance procedures as violative of due process. This argument has been foreclosed by Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2003), where we concluded that "the streamlining regulations do not violate the Due Process Clause of the Constitution." Id. at 238.

As Petitioner's remaining arguments are without merit, the petition for review will be DISMISSED.

_____